An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-535

Filed 5 August 2026

Wilkes County, Nos. 22CR050226-960, 22CR050227-960

STATE OF NORTH CAROLINA

      v.

REBECCA CLARA GONZALEZ, Defendant.

Appeal by Defendant from judgment entered 31 October 2024 by Judge Timothy Pennell Broyhill in Wilkes County Superior Court. Heard in the Court of Appeals 28 October 2025.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Gina M. Von Oehsen Cleary, for the State.*

> *Yoder Law PLLC, by Jason Christopher Yoder, for Defendant-Appellant.*

CARPENTER, Judge.

Rebecca Clara Gonzalez ("Defendant") appeals from judgments entered upon the revocation of her probation on 31 October 2024. Defendant's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985), and *State v. Velasquez-Cardenas*, 259 N.C. App. 211, 815 S.E.2d 9 (2018) as he was unable to

identify any issue with sufficient merit to support a meaningful argument for relief on appeal. Defendant's appellate counsel also filed a petition for writ of certiorari ("PWC"). After careful review, we deny the PWC and dismiss for lack of jurisdiction.

## I. Factual & Procedural Background

On 29 June 2022, Defendant entered pleas of no contest to two counts of attempted identity theft pursuant to a plea agreement. Defendant's plea agreement included the condition that she would receive consecutive sentences. The trial court entered two judgments, each imposing a sentence of eight to nineteen months of imprisonment to run consecutively. The trial court suspended the sentences and imposed thirty months of supervised probation.

Defendant's probation officer filed two probation violation reports correlating with the two judgments on 5 May 2023. Each report alleged that Defendant willfully violated her probation conditions by testing positive for methamphetamines and cocaine. The reports included a notice of the hearing date, time, and location. Defendant signed the reports acknowledging that she understood their contents and that she must appear in court.

On 16 June 2023, the officer filed two additional probation violation reports. One report alleged that Defendant willfully violated her probation conditions by absconding, failing to pay court costs and monthly supervision fees ordered by the trial court, and failing to complete a drug treatment program. The other report also

alleged that Defendant willfully violated her probation conditions by absconding. Defendant did not sign the two additional reports.

The trial court conducted a hearing on Defendant's probation violation reports on 31 October 2024. The State recommended revocation. Defendant, through counsel, admitted to willfully traveling to New Mexico without contacting her probation officer. She asked the trial court to reinstate her probation or for her two sentences to run concurrently. The trial court activated both of Defendant's original sentences, which were to run consecutively, and noted that Defendant "willfully admitted to violating her probation including the allegation of absconding . . . ." In the judgments revoking Defendant's probation, the trial court checked box 4, which indicated that it found that "[e]ach violation is, in and of itself, a sufficient basis upon which [the trial court] should revoke probation and activate the suspended sentence."

Defendant filed a *pro se* notice of appeal on 12 November 2024. Defendant's notice of appeal only referenced one of the two judgments, failed to designate the judgment from which Defendant appealed, and failed to identify the court to which the appeal was to be taken. Defendant later was appointed appellate counsel, who filed an *Anders*-type brief requesting this Court review the record to determine whether Defendant's appeal presents any non-frivolous issues warranting relief. Defendant filed a PWC, and the State filed a motion to dismiss the appeal.

## II. Jurisdiction

As an initial matter, we must determine whether we have jurisdiction to hear this appeal. "A failure on the part of the appealing party to comply with Rule 4 deprives this Court of jurisdiction to consider his or her appeal." *State v. Hughes*, 210 N.C. App. 482, 484, 707 S.E.2d 777, 778 (2011). Such "[a] jurisdictional default . . . precludes the appellate court from acting in any manner other than to dismiss the appeal." *Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co.*, 362 N.C. 191, 197, 657 S.E.2d 361, 365 (2008).

Here, Defendant concedes her notice of appeal was defective in violation of Rule 4. *See Hughes*, 210 N.C. App. at 484, 707 S.E.2d at 778. We, therefore, lack jurisdiction to hear this appeal without a PWC, which Defendant has filed. *See Dogwood Dev. & Mgmt. Co.*, 362 N.C. at 197, 657 S.E.2d at 365.

A writ of certiorari is a "prerogative writ" which we may issue to aid our jurisdiction. N.C. Gen. Stat. § 7A-32(c) (2025). Issuing a writ of certiorari, however, is an extraordinary measure. *Cryan v. Nat'l Council of YMCAs*, 384 N.C. 569, 572, 887 S.E.2d 848, 851 (2023). Accordingly, a petitioner must satisfy a two-part test before we will issue a writ of certiorari. *Id.* at 572, 887 S.E.2d at 851. "First, a writ of certiorari should issue only if the petitioner can show 'merit or that error was probably committed below.'" *Id.* at 572, 887 S.E.2d at 851 (quoting *State v. Ricks*, 378 N.C. 737, 741, 862 S.E.2d 835, 839 (2021)). "Second, a writ of certiorari should issue only if there are 'extraordinary circumstances' to justify it." *Id.* at 572–73, 887 S.E.2d at 851 (quoting *Moore v. Moody*, 304 N.C. 719, 720, 285 S.E.2d 811, 812

- 4 -

(1982)). "We require extraordinary circumstances because a writ of certiorari 'is not intended as a substitute for a notice of appeal.' " *Id.* at 573, 887 S.E.2d at 851 (quoting *Ricks*, 378 N.C. at 741, 862 S.E.2d at 839).

Yet, under Rule 28 of the North Carolina Rules of Appellate Procedure, "[i]ssues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned." N.C. R. App. P. 28(b)(6) (2025). Nevertheless, "[t]o prevent manifest injustice to a party," this Court "may . . . suspend or vary the requirements or provisions of any of these rules . . . ." N.C. R. App. P. 2 (2025).

In an *Anders* brief, however, when "counsel finds his case to be wholly frivolous . . ., he should so advise the court[,] request permission to withdraw[,]" and submit "a brief referring to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744, 87 S. Ct. at 1400, 18 L. Ed. 2d at 498. If *Anders* review is "invoked," *State v. Bailey*, 286 N.C. App. 701, 702, 881 S.E.2d 746, 747 (2022), this Court must conduct "a full examination of all the proceedings[,]" including a "review [of] the legal points appearing in the record, transcript, and briefs, not for the purpose of determining their merits (if any) but to determine whether they are wholly frivolous," *Kinch*, 314 N.C. at 102–03, 331 S.E.2d at 667 (citation omitted).

A defendant "does not have a constitutional right to counsel at a probation revocation hearing." *Bailey*, 286 N.C. App. at 702, 881 S.E.2d at 747 (citation omitted). Accordingly, "[t]hough there may be a statutory right to counsel, *Anders* is not invoked." *Id.* at 702, 881 S.E.2d at 747; *see Pennsylvania v. Finley*, 481 U.S. 551,

- 5 -

556, 107 S. Ct. 1990, 1994, 95 L. Ed. 2d 539, 547 (1987) ("[W]e reject respondent's argument that the *Anders* procedures should be applied to a state-created right to counsel[.]"). Furthermore, while we have the authority to recognize and conduct *Anders*-type review of post-conviction orders, we are not required to do so. *See Velasquez-Cardenas*, 259 N.C. App. at 225, 815 S.E.2d at 18.

In *Bailey*, the defendant appealed from the trial court's post-conviction order revoking his probation, and his appellate counsel submitted an *Anders* brief and a PWC due to his failure to properly notice his appeal. 286 N.C. App. at 702, 881 S.E.2d at 747. After determining that *Anders* was not invoked, this Court concluded that "we can only consider arguments not raised by [d]efendant's counsel by invoking Rule 2 of our Rules of Appellate Procedure in the exercise of our discretion, as any argument not advanced in an appellant's brief is abandoned under Rule 28." *Id.* at 702–03, 881 S.E.2d at 747. Based on the absence of manifest injustice, we concluded "that it would be an abuse of our discretion to invoke Rule 2." *Id.* at 703, 881 S.E.2d at 747 (citing *Ricks*, 378 N.C. at 743, 862 S.E.2d at 840). Accordingly, we affirmed the trial court's order revoking the defendant's probation. *Id.* at 703, 881 S.E.2d at 748.

Under the facts of this case, Defendant does not have the right that would require us to conduct an *Anders*-type review of her probation revocation. *See Velasquez-Cardenas*, 259 N.C. App. at 225, 815 S.E.2d at 18. Moreover, Defendant's request that we issue a writ of certiorari to review an *Anders* brief is irreconcilable.

*See Bailey*, 286 N.C. App. at 703, 881 S.E.2d at 748. Because the briefing before this Court does not include a meaningful argument for relief on appeal, Defendant concedes that her appeal lacks merit. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400, 18 L. Ed. 2d at 498. In other words, Defendant abandoned any arguments on appeal by failing to raise them in her brief. *See Bailey*, 286 N.C. App. at 702–03, 881 S.E.2d at 747; *see also* N.C. R. App. P. 28(b)(6). We further decline to invoke Rule 2 because no manifest injustice is present. *See Bailey*, 286 N.C. App. at 702–03, 881 S.E.2d at 747; N.C. R. App. P. 2.

Nevertheless, we have reviewed the indictments to ensure that the trial court had jurisdiction to try Defendant, and we are satisfied that the indictments were sufficient. *See State v. Singleton*, 386 N.C. 183, 207, 900 S.E.2d 802, 819 (2024); *State v. Stewart*, 386 N.C. 237, 238, 900 S.E.2d 652, 653 (2024). Further, because Defendant has made no argument in her brief for our Court to consider, we do not consider any other argument. *See Bailey*, 286 N.C. App. at 703, 881 S.E.2d at 748; N.C. R. App. P. 28(b)(6). Accordingly, in our discretion, we deny Defendant's PWC and grant the State's motion to dismiss the appeal. *See* N.C. Gen. Stat. § 7A-32(c).

## III. Conclusion

We deny Defendant's PWC and grant the State's motion to dismiss the appeal.

DISMISSED.

Judges STROUD and ZACHARY concur.

Report per Rule 30(e).